Gloria Bassett,

       Plaintiff,

v.                                             Case No.: 10-11527

New Eastland Mall Developer, LLC,         Honorable Sean F. Cox
Ashkenazy Acquisition Corporation, and
Jones Lang Lasalle Corporation,

       Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND VACATING SHOW CAUSE ORDER

Plaintiff filed this action against Defendants in state court. On April 15, 2010, Defendants removed the action to this Court, asserting subject matter jurisdiction through diversity of citizenship pursuant to 28 U.S.C. §1332. Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete diversity of citizenship exists between the disputing parties.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).

In addition, on April 19, 2010, Plaintiff filed a "Motion to Remand Action to the Wayne County Circuit Court for Lack of Complete Diversity Jurisdiction." (Docket Entry No. 4). In that motion, Plaintiff does not dispute that the amount in controversy requirement is met but

asserts that "[t]here is not complete diversity of citizenship because New Eastland Mall Developer has its 'principal place of business' in Michigan." (Pl.'s Motion at ¶ 8).

Defendant Eastland Mall Developer LLC ("Eastland"), however, is a limited liability company. For purposes of diversity jurisdiction, a "limited liability company is not treated as a corporation**."** *Homfeld II, LLC v. Comtair Holdings, Inc*., 53 Fed. Appx. 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group*, *LLC*, 585 F.3d 1003 (6th Cir. 2009). Rather, a limited liability company "has the citizenship of its members." *Id.*

"When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well." *Delay, supra*.

Accordingly, in order to determine whether complete diversity jurisdiction exists, this Court issued an Order to Show Cause directing Defendants to identify the citizenship of all members, and any sub-members, of Defendant Eastland.

On April 23, 2010, Defendant Eastland responded to the Show Cause Order and provided an affidavit stating that none of the members or sub-members of Defendant Eastland are citizens of Michigan. (Docket Entry No. 6). It is undisputed that Plaintiff is a citizen of Michigan. Thus, this Court is satisfied that complete diversity exists and that this Court has subject matter jurisdiction over this action.

IT IS HEREBY ORDERED that this Court's April 21, 2010 Show Cause Order is VACATED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (Docket Entry No. 4) is

DENIED.

IT IS SO ORDERED.


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  May 21, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on
May 21, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager