UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gloria Bassett,

    Plaintiff,                                                Case No. 10-11527

v.                                                          Hon.  Sean F. Cox

New Eastland Mall Developer LLC, *et al.*,

    Defendants.

_____/

## OPINION & ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Gloria Bassett ("Plaintiff") brought this personal injury action against Defendants New Eastland Mall Developer, LLC ("Eastland"), Ashkenazy Acquisition Corporation ("Ashkenazy Corp."), and Jones Lang LaSalle Americas, Inc. (together, "Defendants"), alleging premises liability and nuisance.  The matter is currently before the Court on Defendants' Motion for Summary Judgment.  The parties have briefed the issues, and the Court heard oral argument on March 31, 2011.  For the following reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment.

### BACKGROUND

On April 8, 2009, Plaintiff was walking along a sidewalk that encircles Eastland Mall ("the Mall").  (Def.'s Stmt. of Facts at 2, Doc. No. 19).  Plaintiff allegedly stubbed her toe on an approximately one-half-inch rise in the sidewalk.  (Plf.'s Resp. At 2, Doc. No. 21).  Plaintiff fell and hit her face against the sidewalk.  (Plf.'s Dep. at 41, Doc. No. 18, Ex. B).  Two unrelated women assisted Plaintiff off of the ground.  *Id*. at 42.  EMS arrived and escorted Plaintiff to the

hospital in an ambulance. *Id.* at 47. As a result of the fall, Plaintiff alleges that she suffered a broken wrist, developed back pain, sees a constant "bright light" in her left eye, and has developed blurry vision.

Plaintiff does not recall exactly where, or on which part of the sidewalk she tripped. *Id*. at 70.

Plaintiff filed her complaint in Wayne County Circuit Court on March 5, 2010 (Complaint, Doc. No. 21, Ex. A). Defendants removed the case to this Court on April 15, 2010.

Defendants filed their Motion for Summary Judgment on January 14, 2011 (Def.'s Mtn., Doc. No. 18). Plaintiff filed a response brief on February 11, 2011 (Plf.'s Resp., Doc No, 18).

## STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)). In deciding a motion for summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986).

## ANALYSIS

In her complaint, Plaintiff alleges two counts against Defendants. Plaintiff's first count, although not specifically labeled, alleges premises liability (Count I). (Complaint at 1; Plf.'s Resp. at 4). Specifically, Plaintiff alleges:

    A.    After knowing of the conditions existing on the premises, failed to correct same and/or warn of the dangerous condition.

    B.    Failed to make reasonable and proper inspections for dangerous and/or hazardous conditions existing on the premises.

    C.    Failed to repair and/or correct and/or warn of any hazardous and/or dangerous conditions, of which the Defendant, their agents, servants and/or employees had knowledge, or should have had knowledge, by a reasonable and proper inspection.

    D.    Failed to instruct all of its agents, servants and/or employees on the proper care and maintenance of the premises, and/or in the reporting of dangerous and/or hazardous conditions on the premises.

    E.    Failed to provide rules, procedures and/or provide for periodic safety inspections for the discovery and/or correction of dangerous and hazardous conditions on the premises.

    F.    Failed to provide a safe and suitable place for Plaintiff, an invitee, to walk in safety.

    G.    Failed to construct the premises in a manner suitable and safe under the circumstances.

    H.    Failed to observe all the duties of care imposed upon Defendants by the State of Michigan, Ordinances of the City in which the premises are located, and the common law in such case made and provide.

(Complaint at 2-3).

Additionally, Plaintiff alleges one count of nuisance (Count II). *Id.* at 4.

**I.    There Is A Genuine Issue Of Material Fact As To Ashkenazy Acquisition Corp.'s Control And Possession Of The Mall.**

Defendants first contend that Defendant Ashkenazy Corp. must be dismissed as a defendant in this case because Ashkenazy Corp. was not the owner of the mall at the time of Plaintiff's fall. (Def.'s Mtn. at 4). Alternatively, Defendants contend that "even if [Ashkenazy Corp.] can be shown to be a co-owner of the property," it did not control or possess the property so as to impute premises liability. *Id.* at 5.

"The invitee status of a plaintiff, alone, does not create a duty under premises liability law unless the invitor has possession and control of the premises on which the plaintiff was injured." *Orel v. Uni-Rak Sales Co., Inc.*, 454 Mich. 564, 565 (1997). Ownership alone is not dispositive of possession. *Merritt v. Nickelson*, 407 Mich. 544, 553 (1980). "Possession and control are certainly incidents of title ownership, but these possessory rights can be 'loaned' to another." *Id.*

Defendants deny that Ashkenazy Corp. was an owner or possessor of the mall at the time of the incident. Plaintiff, however, submitted a letter from Ashkenazy Corp.'s insurance provider dated June 4, 2009. (Doc. No. 21, Ex. 3). In the letter, rather than denying liability based on lack of control or possession of the mall, the insurance provider denies Ashkenazy Corp.'s liability because "the height difference between the concrete slabs in which your client states she tripped over, is open and obvious." *Id.* The insurance provider also states, "In the State of Michigan, a premise owner is not required to protect an invitee from open and obvious dangers." *Id.* Thus it appears that Ashkenazy Corp. has an interest in the mall such that it has maintained insurance coverage.

Defendants have provided no evidence to support their contention that Ashkenazy Corp.

is not an owner, controller, or possessor of the property. Therefore, there remains a genuine issue of material fact that Ashkenazy Corp. possessed or controlled the property on the date of Plaintiff's fall.

## II.  The Condition Of The Sidewalk Was Open And Obvious And Was Not Unreasonably Dangerous.

Next, Defendants contend that they are not liable for Plaintiff's injuries because the uneven sidewalk was an open and obvious condition. (Def.'s Mtn. at 6). This Court agrees.

A premises owner owes a duty to an invitee "to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition" on the property. *Joyce v. Rubin*, 249 Mich.App. 231, 238, 642 N.W.2d 360, 364 (2002). "[T]his duty does not generally encompass removal of open and obvious dangers." *Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 516 (2001). In order to determine if a danger is open and obvious, the Court looks to whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v. Burger King Corp.*, 198 Mich.App. 470, 475, 499 N.W.2d 379 (1993). "[I]f special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 464 Mich. at 386.

Here, Plaintiff testified that she did not see what caused her to stub her toe and fall. (Plf.'s Dep. at 42). Plaintiff also testified that there were no obstructions blocking her view of the sidewalk. *Id*. at 40. Plaintiff determined that she fell from the unevenness of the sidewalk only after Plaintiff's son returned the day after the incident and photographed the area where Plaintiff fell. *Id*. at 43. Plaintiff, however, could not recall which area of the sidewalk caused her to fall. *Id*. at 57.

Additionally, Defendants provided the affidavit of a witness to Plaintiff's fall, Monisha Jefferson. (Affidavit, Doc. No.18, Ex. D). The relevant portion of Ms. Jefferson's affidavit reads:

> 3. My initial impression was that the woman fell after tripping over her own feet.
>
> 4. When I arrived at the sidewalk to assist the woman, I observed an area where the edge of the concrete sidewalk was higher than the edge of the next slab of concrete, creating a lip.
>
> 5. The condition could be seen on casual observation.
>
> 6. The condition was located in a small enough area where it could be avoided by simply stepping over it.

*Id.*

Moreover, the pictures of the condition provided by both Defendant and Plaintiff support Ms. Jefferson's assertion that the unevenness of the sidewalk could be seen on casual inspection. Thus, Defendant has provided evidence that an average person "with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney*, 198 Mich.App. at 475; *See also Ricevuto v. Washtenaw Ave. Bookstore, L.L.C.*, 2010 WL 3239103 (Mich. App., Aug. 17, 2010) (holding that a one-inch elevation between two sidewalk slabs was an open and obvious danger and was not unreasonably dangerous because it could be seen from two or three feet away).

Thus, the burden shifts to Plaintiff who must set forth facts showing that there is a genuine issue for trial. Plaintiff, however, fails to point to any facts or evidence to show that the unevenness of the sidewalk was not open and obvious. Plaintiff's counsel merely makes the conclusory statement that the unevenness of the sidewalk was not visible upon casual inspection.

6

Plaintiff did not testify that the unevenness of the sidewalk was hidden in any way. In fact, as stated above, Plaintiff could not even recall the area of the sidewalk that caused her to trip and fall. Plaintiff has also failed to allege any special aspects that would make the open and obvious condition unreasonably dangerous.

Furthermore, the Michigan Supreme Court has found that conditions similar to the uneven sidewalk in this case are not unreasonably dangerous. In *Lugo*, a Plaintiff sued a property owner after she tripped and fell over a pothole in a parking lot located in front of the defendant's building. *Lugo*, 464 Mich. at 514. The plaintiff testified that she simply did not see the pothole. *Id*. at 522. The Michigan Supreme Court held that the defendant was not liable because the pothole was not unreasonably dangerous. *Id*. at 523. Rather, the pothole was an "'everyday occurrence' that ordinarily should be observed by a reasonably prudent person." *Id*. at 523.

Likewise, the one-half-inch rise between the cement slabs in this case is not an unreasonably dangerous condition. Such a condition is common with many sidewalks and can be readily avoided by a reasonably prudent person. Plaintiff could have simply walked over the one-half-inch rise in the sidewalk.

Plaintiff also alleges that Defendants should have had notice of the uneven sidewalk because Title III of the American's With Disabilities Act ("ADA") requires "that public owners of public accomodations maintain sidewalks with no more than a 1/4 inch between elevations." (Plf.'s Resp. at 7). Not only does Plaintiff fail to cite any statute or regulation regarding this claim, but also Plaintiff's does not allege any ADA claims in her complaint. Furthermore, Plaintiff does not allege any facts to establish that she was disabled as defined by the ADA such

that she has standing to bring an ADA claim.

Plaintiff has not provided any evidence that would suggest that the unevenness of the sidewalk created an unreasonable risk of harm and there is no genuine issue of material fact that the condition constituted an unreasonably dangerous condition.

## III. Plaintiff's Nuisance Claim Is Without Merit.

In addition to premises liability, Plaintiff alleges a nuisance claim. (Complaint at 4). Although Plaintiff does not specify the type of nuisance, Plaintiff appears to allege a public nuisance based on the nature of Plaintiff's claims.

"A public nuisance is an unreasonable interference with a right common to the general public." *Wagner v. Regency Inn Corp.*, 186 Mich.App. 158, 163 (1990) (internal citations omitted). Michigan courts have defined an "unreasonably interference as;

> (1) conduct that significantly interferes with public health, safety, peace, comfort, or convenience; (2) conduct that is prescribed by law; (3) conduct of a continuing nature that produces a permanent or long-lasting effect, and, as the actor knows or has reason to know, has a significant effect on public rights.

*Id*. (internal citations omitted).

A defendant may be found liable for a nuisance where: "(1) the defendant created the nuisance, (2) the defendant owned or controlled the land from which the nuisance arose, or (3) the defendant employed another person to do work from which the defendant knew a nuisance would likely arise." *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 213 Mich.App. 186, 190 (1995). "A private citizen may file an action for a public nuisance against an actor where the individual can show he suffered a type of harm different from that of the general public." *Id*.

Plaintiff failed to establish any of the elements for liability under a theory of nuisance. At oral argument, Plaintiff's counsel agreed that there is no merit to Plaintiff's nuisance claim,

and that she would not pursue that claim. There is no genuine issue of material fact as to Plaintiff's nuisance claim.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 25, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 25, 2011, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager